IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: 2:21-cr-144 |
| | ) | |
| | ) | |
| -versus- | ) | **PLEA AGREEMENT** |
| | ) | |
| | ) | |
| **TRAVIS STEFENON DEQUAN LAWRENCE** | ) | |

### General Provisions

This PLEA AGREEMENT is made this _16_ day of _February_ 2022, between the United States of America, as represented by United States Attorney COREY F. ELLIS, Assistant United States Attorney Sean Kittrell; the Defendant, **TRAVIS STEFENON DEQUAN LAWRENCE**, and Defendant's attorney, Alicia Penn, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending.

   Count 1 charges that on or about September 8, 2020, in the District of South Carolina, the Defendant, **TRAVIS STEFENON DEQUAN LAWRENCE**, knowingly possessed a firearm and ammunition in and affecting commerce, to wit, a Glock 9mm semi-automatic pistol and 9mm ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime. This is a violation of Title 18, United States Code, § 922(g)(1).

   In order to sustain its burden of proof, the Government is required to prove the following:

   On or about the date alleged in the indictment, in the District of South Carolina, the Defendant:

   a. previously had been convicted of a crime punishable by a term of imprisonment exceeding one year;

   b. knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

   c. knowingly possessed, transported, or received the firearm;

    d.    and that the possession was in or affecting commerce, because the firearm and ammunition had traveled in interstate or foreign commerce at some point during its existence.

*United States v. Langley*, 62 F.3d 602 (4th Cir. 1995); *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

The penalty for this offense is:

| | |
|---|---|
| This is a Class C Felony: | 18 U.S.C. § 3559(a)(3) |
| Imprisonment for not more than 10 years and/or | 18 U.S.C. § 924(a)(2) |
| Fine of $250,000.00: | 18 U.S.C. § 3571(b)(3), |
| Supervised Release for 3 years: | 18 U.S.C. § 3583(b)(2), and |
| Special Assessment of $100.00: | 18 U.S.C. § 3013(a)(2)(A) |

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled

        guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

        C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

### Merger and Other Provisions

5. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all

information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

7. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises,

representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2/16/22
Date

2/16/22
Date

2/14/22
Date

Travis Lawrence
TRAVIS STEFENON DEQUAN LAWRENCE,
Defendant

Alicia Penn, Esquire
Defense Attorney

COREY F. ELLIS
UNITED STATES ATTORNEY

/s: *Sean Kittrell*
Sean Kittrell (Fed. ID #6032)
Assistant United States Attorney

## U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 2:21-cr-144 |
| **DEFENDANT'S NAME:** | TRAVIS STEFENON DEQUAN LAWRENCE |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**J. Waties Waring Judicial Center**
**85 Broad Street**
**Charleston, South Carolina 29401**

OR HAND DELIVERED TO:
**Clerk's Office, U.S. District Court**
**J. Waties Waring Judicial Center**
**85 Broad Street**
**Meeting Street at Broad Street**
**Charleston, South Carolina 29401** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* ***(Do Not send cash)***

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*